IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY L. HARRIS, et al., )
 )
       Plaintiffs, )
 )
v. ) **ORDER AND**
 ) **RECOMMENDATION**
SHERIFF B. J. BARNES, et al., )
 ) 1:09CV726
       Defendants. )

    This matter is back before the court on numerous filings by the prisoner Plaintiffs. A careful review of the entire file leaves the court with the committed view that the original screening order was entered in error. The original screening order will be rescinded, and the Plaintiffs will be given the opportunity to start this proceeding anew in accordance with the instructions below.

    The original screening order allowed Plaintiffs Harris and Poindexter to file a joint complaint against Sheriff B.J. Barnes. The complaint identified Plaintiffs' complaints about jail conditions which Plaintiffs say violate their constitutional rights. They now seek to amend their complaint to add a number of other Defendants. These Plaintiffs and others filed a similar complaint against multiple jail Defendants in case no. 1:09CV689. Some of those other prisoners also seek to join the present litigation. In no. 1:09CV689, however, the court's screening order noted deficiencies in the complaint, and it allowed the Plaintiffs to file individual complaints more carefully identifying their grievances with jail conditions. To allow these Plaintiffs in

no. 1:09CV726 to proceed with joint filings or to allow others to join would be in direct contradiction with the court's directions in no. 1:09CV689. The court will not permit these opposing orders to stand.

There is also an additional reason to withdraw the prior order. As other courts have noted, the Prison Litigation Reform Act of 1995 (PLRA) requires that each prisoner pay the full amount of any filing fee. Allowing multiple plaintiffs to proceed *in forma pauperis* in this case could circumvent the fee provisions of the PLRA. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir.2001) (discussing fee collection difficulties created by multiple plaintiffs under the PLRA). It would also create a number of potential practical problems related to joint litigation such as the need for all plaintiffs to sign pleadings, the need for the joint plaintiffs to meet, the transitory nature of jail populations, etc. *Wilson v. Algarin*, Civ. Action No. 08-345, 2008 WL 373630, *1 (E.D. Pa. February 07, 2008) (unpublished). All of these potential problems exist in this case. Joint litigation in these circumstances is not appropriate. Rather, the court will require the Plaintiffs in no. 1:09CV726 to file individual complaints if they are so advised with the understanding that each Plaintiff must pay his filing fee or seek relief from that obligation. In an effort to be specific as to what the court will require, the court will re-print here the instructions given in case no. 1:09CV689.

Plaintiff names a number of defendants and sets out his general difficulties with his housing in great detail. However, he does not state what part each defendant played in causing these alleged problems. Many of the defendants appear to have been named simply because they are employed by the jail as opposed to being named because they somehow contributed to the problems about which Plaintiff complains. Plaintiff must make factual allegations as to each defendant describing how their actions or failure to act violated his rights.

Plaintiff purports to represent a number of other inmates in a class action. These other inmates names are listed, but they have not signed the complaint or submitted *in forma pauperis* applications. Not only would this mean that they are not part of the lawsuit, but Plaintiff, as a pro se inmate, cannot represent other persons in a lawsuit. *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)). Finally, statements by some of the inmates which are attached as exhibits to the complaint indicate that some of their complaints are shared, but others are individual, so that they would not appear to be part of a common class in any event. If prisoners other than Plaintiff wish to file their own lawsuits to seek redress for alleged violations of their rights, they may request the proper forms from the Clerk's Office and do so.

Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the court, and one copy for each defendant named.

Consequently, the screening order entered on September 24, 2009, is **HEREBY WITHDRAWN AND RESCINDED**. In its place, the court will **RECOMMEND** that this action be filed and dismissed *sua sponte* without prejudice to each Plaintiff filing a new complaint on the proper Section 1983 forms which corrects the defects noted above. The Clerk is instructed to provide each Plaintiff with the proper forms, instructions, an application to proceed *in forma pauperis* and

3

a copy of pertinent parts of federal rule 8(a) and (e). All pending motions and requests to proceed *in forma pauperis* are denied for being moot.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 26, 2009